a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PEDRO VICTOR MENDEZ HERNANDEZ #A245-484-590, Petitioner | CIVIL DOCKET NO. 1:25-CV-01289 SEC P |
| VERSUS | JUDGE DRELL |
| KANDRA ROBBINS ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Pedro Victor Mendez Hernandez ("Hernandez"). Hernandez is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges an order of removal.

Because the Court lacks jurisdiction, the Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Hernandez is a native and citizen of Venezuela who was ordered removed on April 9, 2025. ECF No. 1 at 2. The Board of Immigration Appeals dismissed Hernandez's appeal. *Id.* at 5. Hernandez filed a petition for review in the United States Court of Appeal for the Fifth Circuit, which remains pending. *Id.*

Hernandez asks this Court to "cancel" the deportation order and give him a fair opportunity to present evidence. ECF No. 1 at 7.

1

II.  Law and Analysis

Pursuant to the Real ID Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]."  8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. 2019).  Accordingly, federal district courts lack jurisdiction over § 2241 petitions attacking removal orders. *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. 2019).

Hernandez's Petition should be dismissed without prejudice because the Real ID Act strips the Court of jurisdiction. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. 2019); *Segura-Mundo v. Hudson*, 09-CV-1717, 2009 WL 10711802, at *4 (S.D. Tex. 2009).

III.  Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

      No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

      SIGNED on Friday, December 12, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE